UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| CRAIG C. LADYMAN, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:14 CV 2038 |
| | ) | |
| NICHOLAS MEADE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, ORDER and NOTICE TO PLAINTIFF

In this action plaintiff Craig C. Ladyman ("Ladyman"), who is proceeding *pro se*, alleges various violations of his constitutional rights pursuant to 42 U.S.C. § 1983 in connection with a traffic stop and subsequent search of his vehicle, his arrest, and criminal prosecution. He names as defendants the Indiana State Police troopers who stopped him and arrested him, and officials involved with his prosecution in Elkhart, Indiana: the deputy prosecutor, a judge, a magistrate, and a court reporter. Two motions to dismiss the complaint have been filed, one by the court reporter, Jeanne R. Drust ("Drust"), and one collectively by the remaining defendants (the "State Defendants").

Ladyman did not file any response to Drust's motion. A few days after a response the State Defendants' motion was due, Ladyman filed a "motion to strike" pursuant to Federal Rule of Civil Procedure 12(f). Although a Rule 12(f) motion was not a proper response and, even if it were, was untimely, the court will nevertheless consider it as Ladyman's response because of his *pro se* status.

*Court Reporter Jeanne R. Drust*

>In his complaint the only allegation Ladyman makes against Drust is that:
>
>Jeanne Drust violated my 5th amendment right to due process of law, Denial of Access to the Courts. On June 10, 2013 [sic], I received a copy of the transcript for the Evidence Suppression Hearing on February 28, 2014 and noticed the Reporter, Jeanne R. Drust, did not record the episode of Judge Charles C. Wicks falling asleep.

(DE # 1 at 5, ¶ 18.) Drust moves to dismiss the complaint against her pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon which relief can be granted, on the basis that she has qualified immunity for the act of which Ladyman complains.

Court reporters carrying out their official duties are entitled to qualified immunity. *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429 (1993). The court will dismiss a claim on qualified immunity grounds when the facts of the complaint, taken as true, fail to allege the violation of a clearly established right.

>Qualified immunity shields a government official from liability for damages when the official's "conduct does not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Courts use a two-part test to determine whether officers are entitled to qualified immunity: "(1) whether the facts, viewed in a light most favorable to the injured party, demonstrate that the conduct of the officers violated a constitutional right, and (2) whether that right was clearly established at the time the conduct occurred."

*Doe v. Vill. of Arlington Heights*, 782 F.3d 911, 915 (7th Cir. 2015). Because qualified immunity is an immunity from suit, not just damages, the issue should be resolved as early in the litigation as possible. *Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009).

Although qualified immunity is an affirmative defense, a plaintiff has the burden of meeting its two-part test. *Eversole v. Steele*, 59 F.3d 710, 717 (7th Cir. 1995).

The cases which Drust uses to show that she is entitled to qualified immunity virtually all pre-date *Antoine,* and are based on the notion that a court reporter is entitled to absolute immunity because he or she is performing a discretionary function. Therefore they are no longer good law and are not helpful.

A bigger problem is that Drust's argument rests on the premise that Ladyman's "claim is based on allegations that she did not accurately transcribe the state court proceedings." (DE # 11 at 2.) Strictly speaking, this is true, but it—like Ladyman's allegations concerning Drust—is too vague to be of any help. "When qualified immunity is asserted at the pleading stage, the precise factual basis for the plaintiff's claim or claims may be hard to identify." *Pearson v. Callahan*, 555 U.S. at 238–39. Here, from Ladyman's allegation that Drust "did not record the episode" of the judge falling asleep, it is unknown whether he means that she intentionally did not transcribe something said in court about the episode, as opposed to her simply not observing and noting something that Ladyman saw; or that she made some other error in transcription.

The difficulty is compounded here by Ladyman's failure to respond to the motion and explain what he means. However, things are clarified, somewhat, by Ladyman's allegations concerning the judge's conduct itself. He pleads that during his attorney's cross-examination of Trooper Ted Bohner:

3

> I noticed Judge Charles C. Wicks head bobbing. The Judge fell asleep with his chin resting on his chest. Then, Shelley Gupta notified my attorney, Ryan Mehl, in open court that the judge was sleeping. Ryan Mehl stopped his cross examination of Trooper Ted Bohner during Judge Charles C. Wicks nap on the bench. No one in the courtroom made an attempted to wake the sleeping judge. Upon the Judge waking up, Ryan Mehl's cross examination resumed. When Trooper Ted Bohner stepped down from the stand Judge Charles C. Wicks adjourned the court for a ten minute recess.

(DE # 1 at 4, ¶ 16.) [Sic.] From this, it appears that the only thing that Drust could have transcribed was whatever prosecutor Gupta said to defense attorney Mehl. It is not clear, however, whether by "in open court" Ladyman means that Gupta spoke in a voice loud enough for Drust to hear and Drust intentionally failed to transcribe what she said, or if Gupta approached Mehl and spoke to him quietly so that there would be nothing for Drust to hear and transcribe.

Without these facts it is impossible to tell whether Ladyman has a plausible claim or whether Drust is entitled to qualified immunity. "[C]ourt reporters are [not] liable in a section 1983 case for innocent errors, even if negligent." *Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006). For this reason Ladyman's complaint, as to Drust, will be dismissed without prejudice and he will be given an opportunity to file an amended complaint that supplies more factual detail, enough to explain what happened in court that Drust failed to transcribe. He will be allowed 30 days to do so, and failure to file an amended complaint will result in dismissal of the action against Drust with prejudice and without further notice.

*The State Defendants*

The state defendants are comprised of three Indiana State Police Troopers, Nicholas Meade, Ted Bohner, and Arthur Smith (collectively, "the Troopers"); the deputy prosecutor, Shelley Gupta; and two judges, Superior Court Judge Charles C. Wicks and Magistrate Dean O. Burton. The Troopers request a stay of the case, and the prosecutor and judges contend that they are entitled to absolute immunity.

As stated above, Ladyman responded to the motion in the form of an untimely "motion to strike," which the court is considering as his response. The essence of that response, however, is: 1) defendants' immunity defense is frivolous, and so should be struck; and 2) defendants did not support their motion with any evidence, only unsupported legal conclusions stated in their memorandum in support. As to this latter contention, defendants of course did not have to support their motion with evidence and, if they had, this would be a summary judgment proceeding. As to the former, defendants' immunity claims are not frivolous, as is explained below. Ladyman's response will not be discussed further herein.

*Judges Charles C. Wicks and Magistrate Dean O. Burton*

Ladyman's allegations against the two judges are as follows. He alleges that Magistrate Burton violated his right to due process by finding that probable cause for the charges against him existed based upon a false affidavit. (DE # 1 at 5, ¶ 19.) He alleges that Judge Wicks violated his right to due process by falling asleep during a hearing on a motion to suppress evidence , (DE # 1 at 4, ¶ 16), and deprived him of his:

5

> 6th amendment right to be informed of the nature and cause of the accusations against me. On July 23, 2014 I made a special appearance pro se at a Status Hearing in Elkhart Superior Court No. 5. During the hearing Judge Charles C. Wicks refused to tell me the nature and cause of the charges against me and deprived me of the right to know the jurisdiction that the court is operating under. Judge Charles C. Wicks asked if I was a Sovereign Citizen and I said no.

(DE # 1 at 5, ¶ 17.)

A judge is entitled to absolute immunity for judicial acts regarding matters within the court's jurisdiction, even if the judge's "exercise of authority is flawed by the commission of grave procedural errors," *Stump v. Sparkman*, 435 U.S. 349, 359 (1978), and even if the judge acts "maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). There is no doubt that Ladyman's allegations against Judge Wicks and Magistrate Burton concern judicial acts within their jurisdiction. They are, therefore, entitled to immunity and Ladyman's complaint will be dismissed with prejudice as to them.

*Deputy Prosecutor Shelley Gupta*

As to deputy prosecutor Gupta, Ladyman alleges that she violated his right to due process by filing a criminal charging document against him that was not signed under penalty of perjury as required by Indiana law. (DE # 1 at 4, ¶ 15.) In taking that action, Gupta was acting in her role as a deputy prosecutor cloaked with her state prosecutorial authority.

> [A]s the Supreme Court held in *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 995, 47 L. Ed.2d 128 (1976), a prosecutor enjoys absolute immunity from civil suit under § 1983 for damages "in initiating a prosecution and

6

> in presenting the State's case." This immunity shields the prosecutor even
> if he initiates charges maliciously, unreasonably, without probable cause,
> or even on the basis of false testimony or evidence.

*Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986); *Burns v. Reed*, 500 U.S. 478, 490–91 (1991). Because Gupta has absolute immunity for the conduct alleged in Ladyman's complaint, it will be dismissed with prejudice as to her.

*The Troopers*

To the extent they are not facially frivolous,[1] Ladyman's claims against the Troopers all concern violations of his due process right to liberty and right to be free from an unreasonable search and seizure in connection with the serach of his vehicle and his arrest after a routine traffic stop. (DE #1 at 2-4, ¶¶ 1-12.) In addition, as to Trooper Smith only, Ladyman alleges that Smith signed a false affidavit attesting to the charges against Ladyman. (Id. at 4, ¶¶ 13-14.)

At the time the Troopers filed their motion, as shown by a docket sheet they attached to the motion to dismiss, Ladyman had already been found guilty in the state criminal case against him and sentenced, but he had not yet appealed. Thus, the Troopers asked only that this case be stayed pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), so as not to interfere with the criminal proceeding, since all of Ladyman's issues

---

[1] To give two examples, Ladyman alleges that Trooper Bohner violated his First Amendment right to free speech by thinking that Ladyman "was a Sovereign Citizen because of the lawful questions" that Ladyman was asking Trooper Meade during a traffic stop. (DE # 1 at 4, ¶ 12.) Ladyman alleges that Trooper Meade violated his First Amendment right to freedom of expression by concluding that Ladyman was chewing gum in a "suspicious" manner. (DE # 1 at 2, ¶ 2.)

7

concerning the search and his arrest could be addressed in his direct appeal. The docket sheet they attached indicated that Ladyman had moved to suppress the evidence against him, which motion was denied after a hearing (confirmed by Ladyman's allegations that Judge Wicks fell asleep during that hearing).

At the present time, however, it appears that Ladyman's appeal has been dismissed,[2] and the time for him to seek transfer to the Indiana Supreme Court elapsed. https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VVb2tlbiI6 Ik9HUXdNREV5TmpFM01qa3dPalEwTnpjek1qUXhNbUk5In19 (last accessed September 27, 2016.) Because Ladyman's motion to suppress was denied and his conviction is now final, the state court's ruling is entitled to preclusive effect, and Ladyman's claims against the Troopers are barred by *res judicata*. *Best v. City of Portland*, 554 F.3d 698, 702 (7th Cir. 2009) (denial of a suppression motion has preclusive effect when the case terminates with a final judgment of conviction). The court now raises this issue on its own motion, and gives Ladyman an opportunity to respond. Along with his amended answer, Ladyman must file a memorandum showing why his claims against the Troopers are not barred by *res judicata*. If he fails to do so, his action against the Troopers will be dismissed with prejudice and without further notice.

*Conclusion*

---

[2] The docket indicates that Ladyman represented himself at sentencing and, at least initially, on appeal.

For the foregoing reasons, defendants' motions to dismiss plaintiff's complaint are **GRANTED** in part and **DENIED** in part, as follows.

1) Defendant Drust's motion (DE # 10) is **GRANTED** but the complaint is dismissed **WITHOUT PREJUDICE** and with leave to amend. Ladyman must file an amended complaint against her as outlined herein on or before October 31, 2016, or the action against Drust will be dismissed with prejudice and without further notice;

2) The State Defendants' motion (DE # 12) is **GRANTED** as to defendants Shelley Gupta, Charles C. Wicks, and Dean O. Burton, and the action against them is **DISMISSED WITH PREJUDICE**.

3) The State Defendants' motion (DE # 12) is **DENIED** as to defendants Nicholas Meade, Ted Bohner, and Arthur Smith, but on its own motion the court raises the issue whether to dismiss the action against them with prejudice on grounds of *res judicata*, as the issues in Ladyman's claims are precluded by his having litigated a motion to suppress and the finality of his conviction. Ladyman must file a responsive memorandum as outlined herein on or before October 31, 2016, or the action against Meade, Bohner and Smith will be dismissed with prejudice and without further notice.

4) Ladyman's motion to strike (DE # 14) has been treated as his response, and the clerk is to terminate its status as a pending motion.

                                              **SO ORDERED.**

Date: September 29, 2016

                                              s/James T. Moody  
                                              JUDGE JAMES T. MOODY  
                                              UNITED STATES DISTRICT COURT