UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| CRAIG C. LADYMAN, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | CAUSE NO. 3:14CV2038-PPS |
|  | ) |  |
| NICHOLAS MEADE, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## ORDER

Pro se plaintiff Craig C. Ladyman has brought this civil rights action asserting claims arising out of his arrest and prosecution after a traffic stop by Indiana State Troopers. Recently Ladyman has filed a motion that can be quickly addressed. Ladyman's "Motion for Enlargement of Time and Set Aside Judgment" [DE 68] is a compound motion trying to do two things at once. This alone might be a basis for striking the motion as procedurally flawed, as the court's local rules require separate motions to be filed separately. *See N.D. Ind. Local Rule 7-1(a)*. Ladyman is advised to avoid such compound requests for two unrelated types of relief in a single filing.

In this instance I will address both motions rather than require refiling. The first request is for an additional 14 days to respond to a motion to reconsider filed by defendants Bohner, Meade and Smith. Because the motion for additional time is itself untimely, and because Magistrate Judge Gotsch ruled on the motion more than three weeks ago, I will deny the motion for additional time.

The second aspect of Ladyman's motion seeks to set aside Judge Moody's dismissal of Ladyman's claims against State Trooper Smith. Judge Moody dismissed the original claims against Smith on September 29, 2016 [DE 20] and the claims against Smith in the amended complaint on April 28, 2017 [DE 36], both times on the basis that the finality of Ladyman's state convictions had preclusive effect and barred the §1983 claims against the Troopers. In his new motion, Ladyman supports setting aside that judgment based on a single paragraph in which is alleges that Smith "fraudulently signed the Information Charging Document filed on the [state] court September 17, 2013" and "made false affidavits" in support of the charges. [DE 68 at 2.]

There's nothing new about this allegation that would support a fresh analysis under Federal Rule 60(b). In both the original and amended complaints, the pleading of Ladyman's claim against State Trooper Smith was predicated on the allegation that Smith "signed and affirmed a false affidavit" in support of the state charges. [DE 1 at ¶¶13 & 14; DE 25 at ¶7.] Rule 60(b)(3) authorizes relief from a judgment based on fraud by an opposing party, meaning fraud in the context of *this* legal proceeding that prevented Ladyman from fully and fairly presenting a meritorious claim here. *Philos Technologies, Inc. v. Philos & D, Inc.*, 802 F.3d 905, 917 (7th Cir. 2015). Ladyman does not present a ground for relief from judgment under Rule 60(b) merely by repeating the allegation of fraud by Smith that he made in support of his original claim that has been dismissed. The motion to set aside judgment will be denied.

ACCORDINGLY:

Plaintiff Craig C. Ladyman's "Motion for Enlargement of Time and Set Aside Judgment" [DE 68] is DENIED.

**SO ORDERED**.

ENTERED: December 14, 2017.

  /s/ Philip P. Simon  
United States District Court Judge