# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| CRAIG C. LADYMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 3:14CV2038-PPS |
| | ) |
| NICHOLAS MEADE, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff Craig C. Ladyman, representing himself in this matter, has filed what he has titled "Objections, Refusal of Orders and Notice to the Court." [DE 80.] The Clerk has docketed the filing as a "Motion for Review of Magistrate Judge Decision by a District Judge," which seems correct to me, since Ladyman refers to the "Order dismissing Defendants Meade, Bohner, Smith, Gupta, Wicks, and Burton" and also to the "Order to stricken Curtis T. Hill Jr. and Wendy Hudson." [*Id.* at 1.] In view of that language and the timing of the filing, I construe it as an appeal to me of Magistrate Judge Gotsch's order striking the amended complaint, entered on April 26, 2018. [DE 75.]

As Ladyman must know, proceedings in federal court are governed by rules and standards that prescribe when and on what basis certain actions must or may be taken by the parties as the case moves from their initial pleadings (complaint and answer) through discovery, motions and, in some cases, trial. In this case Judge Gotsch has exercised his authority under 28 U.S.C. §636(b)(1)(A) to "hear and determine any pretrial matter pending before the court" (with some listed exceptions). On April 26, Judge Gotsch ordered the Clerk to strike Ladyman's amended complaint as improperly filed on April

24 because "[t]he deadline for amending the pleadings without leave of Court passed on November 26, 2017." [DE 75.]

There is also a standard for asking me, the district judge, to overturn such a decision by Judge Gotsch, the magistrate judge. Also found in 28 U.S.C. §636(b)(1)(A), the standard is that I can "reconsider any pretrial matter" decided by Judge Gotsch "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." Ladyman's objections don't do this. Instead of addressing the rationale of Judge Gotsch's ruling – the untimeliness of the amended complaint and the lack of court of approval for its untimely filing – Ladyman simply reasserts his theories for pursuing claims against the various defendants. [DE 80 at 1.] Because Ladyman fails to demonstrate that Judge Gotsch's order striking his untimely amended complaint was erroneous in any way, I will deny Ladyman's motion for review or reversal of Judge Gotsch's order.

I can add more reasons for the rejection of Ladyman's April 24 amended complaint. His claims against Meade, Bohner, Smith, Gupta, Wicks, and Burton were all previously dismissed long ago – on April 28, 2017 for Troopers Meade, Bohner, and Smith, and on September 29, 2016 for Prosecutor Gupta, Judge Wicks and Magistrate Burton. On June 20, 2017, I rejected Ladyman's attempt to graft claims against Gupta, Wicks and Burton back into the case via an amended complaint without permission. [DE 42.] Ladyman's latest attempt to plead these people back into the case is a non-starter, since he fails to explain why that should be permitted and obtain leave of court to do so.

On the issue of timing, I understand that Ladyman is attempting to explain when he obtained the information supporting his claims against would-be defendants Curtis T.

2

Hill, Jr. and Wendy Hudson. Hill is apparently the prosecutor who signed the Information bringing the charges against Ladyman that this case is based on. [DE 80 at 1.] Ladyman says this person's identity was fraudulently concealed but that it was obtained on or around February 1, 2018 in discovery. [*Id*.] Ladyman explains that he wants to sue Hudson for denying his Freedom of Information Act request on or around January 16, 2018, in which he requested the identity of the prosecutor who signed the September 17, 2013 Information (apparently Hill). If Ladyman had arguments why he should be allowed to file an amended complaint against these people long after the deadline previously set (and several months after obtaining the information), he should have made those arguments to Judge Gotsch in a motion for leave to file an amended complaint out of time. He didn't.

For all these reasons, Ladyman fails to demonstrate any basis for overturning Judge Gotsch's order striking his untimely amended complaint.

ACCORDINGLY:

Plaintiff Craig C. Ladyman's "Objections, Refusal of Orders and Notice to the Court," docketed as his "Motion for Review of Magistrate Judge Decision by a District Judge," [DE 80] is DENIED.

**SO ORDERED**.

ENTERED: May 31, 2018.

/s/ Philip P. Simon
United States District Court Judge