UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CRAIG C. LADYMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 3:14CV2038-PPS |
| | ) |
| NICHOLAS MEADE, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Pro se plaintiff Craig C. Ladyman brought this action making allegations that his civil rights were violated in connection with his arrest and prosecution after a traffic stop by Indiana State Police in September 2013. Claims against the state troopers, the prosecutor, several judicial officers and jailers have previously been disposed of. Now before me is a motion for summary judgment filed by the sole remaining defendant, court reporter Jeanne Drust. Ladyman's allegations against Drust are that she failed to record that the presiding judge temporarily fell asleep during the suppression hearing held February 28, 2014. [DE 25 at ¶¶25, 26.] I construe the nature of the claim as alleging a violation of due process. [DE 25 at ¶¶26, 27, 43.]

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party opposing summary judgment may not rely on allegations or denials in his or her own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec.*

*Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).  Summary judgment "is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

In support of her motion, Drust has submitted a Statement of Material Facts, in which each fact is supported by citation to evidence in the record.  This is what the applicable federal and local rules require.  *See* Fed.R.Civ.P. 56(c)(1)(A); N.D. Ind. L.R. 56-1(a).  Ladyman has not filed a memorandum responding to Drust's motion, nor a "Statement of Genuine Disputes," as required by Fed.R.Civ.P. 56(c)(1)(B) and L.R. 56-1(b)(2).  Instead, Ladyman has filed a "Trial Brief" that addresses his allegations and claims against all the defendants.  Ladyman's failure to properly address Drust's assertions of fact leads me to consider those facts undisputed for purposes of the motion.  Fed.R.Civ.P. 56(e)(2).

These are the undisputed facts material to Ladyman's claim against Drust.  On February 28, 2014 in Ladyman's prosecution in Elkhart Superior Court on charges of possession of marijuana and possession of drug paraphernalia, Judge Charles C. Wicks presided over a hearing on Ladyman's motion to suppress evidence.  [DE 89-2 at 3.]  Ladyman was present, represented by his attorney Ryan Mehl, and the prosecutor was Shelley Gupta.  [*Id.*]  Defendant Drust served as the court reporter for the hearing.  [DE 89-1 at ¶9.]  Ladyman's attorney later ordered a transcript of the hearing, and Drust prepared the transcript.  [DE 89-1 at ¶10.]

The hearing was digitally recorded, and the transcript was prepared from the digital recording. [DE 89-1 at ¶¶5, 6.] Drust prepared the transcript to include all the oral evidence, including questions by counsel and answers of witnesses, the statements of the lawyers and the statements of the judge. [DE 89-1 at ¶6.] When opposing attorneys speak to each other and it is clear that their conversation is not directed to the judge or the witness, or otherwise intended to be made part of the official record, the transcript prepared by Drust would be notated with a parenthetical: "(Discussion held off the record)." [DE 89-1 at ¶6(c).] When attorneys speak quietly to their clients or co-counsel while seated at their table, Drust makes no indication of any kind in the transcript. [DE 89-1 at ¶6(d).]

Ladyman contends that during his attorney's cross-examination of one of the state troopers, Prosecutor Gupta notified Ladyman's attorney, Mr. Mehl, that the judge had fallen asleep, and that Mehl paused his examination of the officer until the Judge woke up. [DE 25 at ¶25.] There is a point in Mehl's cross-examination of Officer Bohner where the transcript reflects a "(Discussion held off the record.)" occurring in the middle of a sentence being spoken by Mehl. [DE 89-1 at 87.] Thereafter, the transcript shows Mehl resuming his examination of the witness with a new question. [*Id*.] When she prepared the transcript of the hearing, Drust included all the oral evidence presented, the argument and objections of counsel to the admission and rejection of evidence, and all statements and rulings by the judge. [DE 89-1 at ¶¶6, 10.]

On these facts, I readily conclude that Drust is entitled to judgment as a matter of law. By failing to provide a memorandum in opposition to Drust's summary

3

judgment motion, Ladyman fails to demonstrate that Drust's conduct violated his due process or any other constitutional right, as required to support his claim under 42 U.S.C. §1983. If a court reporter "deliberately altered a transcript as part of a conspiracy to defraud a litigant," liability might attach, but court reporters are not "liable in a section 1983 case for innocent errors, even if negligent." *Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006).

First, I consider whether (even if true) the fact that the judge nodded off during the hearing should have been included in the transcript. What Indiana statutes require of court reporter Drust at such a hearing is to "[r]ecord the oral evidence given in all causes by any approved method, including both questions and answers," and to "[n]ote all rulings of the judge concerning the admission and rejection of evidence and the objections and exceptions to the admission and rejection of evidence." Ind. Code §33-41-1-1(b)(2) and (3). Ladyman offers no evidence to suggest that Drust failed in these duties. To the contrary, in his deposition, Ladyman three times acknowledged that the transcript correctly reflected all the testimony given at the hearing. [DE 89-8 at 20, 22, 24.] His complaint against Drust concerns only the fact that the transcript does not expressly reflect that the judge had fallen asleep. [DE 89-8 at 20, 22.] But Ladyman fails to demonstrate that the transcript should have.

The governing statute quoted above did not authorize, much less require, any indication in the transcript that the judge fell asleep. The Indiana Judicial Center's

*Court Reporter's Handbook*, Fifth Edition (Second Revision 2016),[1] confirms the correctness of Drust's approach to what Ladyman alleges occurred. According to the Handbook: "Generally, the court reporter should not make a record of any conversations between counsels that occur at counsel table." [DE 89-9 at 3.] To the extent Ladyman suggests Drust was required to note for the record non-verbal indications that the judge had dozed off, the Handbook provides that "[a] court reporter is not expected to make a record of a gesture." [DE 89-9 at 2.] On these authorities, the transcript was not required to reflect an observation that the judge had fallen asleep unless an attorney or witness remarked upon the circumstance for the record, as opposed to in a conference between counsel. So Drust's performance of her duties in preparing the transcript is not shown to violate the requirements of Indiana law, and the facts do not support a conclusion that Drust made any error, either negligently or intentionally.

Ladyman has not made a viable claim that the manner in which the transcript was prepared violated any federal constitutional principle. "Analysis properly begins with the observation that plaintiff does not have a constitutional right to a totally accurate transcript of his criminal trial. His constitutional rights would be violated only if inaccuracies in the transcript adversely affected the outcome of the criminal proceeding." *Tedford v. Hepting*, 990 F.2d 745, 747 (3rd Cir. 1993). Other federal courts of appeal have confirmed the principle that negligence in transcription (which is not

---

[1] The Court Reporters Handbook can be accessed at www.in.gov/judiciary/iocs/files/ctr-handbook.pdf. A copy has been filed by Drust as her Exhibit I. [DE 89-9.]

shown here) does not support a claim under §1983. *See, e.g., Loubser*, 440 F.3d at 439; *Hampton v. Segura*, 276 Fed.Appx. 413, 415 (5th Cir. 2008). As I've already indicated, the undisputed facts do not demonstrate any inaccuracies in what the transcript was required to contain. In any event, Ladyman makes no claim, much less a showing, that the transcript prepared by Drust adversely affected the outcome of the suppression hearing, much less the larger prosecution. As a matter of law, Drust is entitled to summary judgment on Ladyman's claim against her.

Ladyman's constitutional claim against court reporter Drust fails on its merits, but is also defeated by qualified immunity. The doctrine of qualified immunity protects a government official from liability for civil damages when his conduct does not violate a clearly established statutory or constitutional right of which a reasonable person would have known. *Mason-Funk v. City of Neenah*, 895 F.3d 504, 507 (7th Cir. 2018). Ladyman does not establish that he had a right to have the judge's falling asleep reflected in the transcript, or, in the face of the authorities governing Drust's work, that a reasonable court reporter should have known to include such a notation. "[Q]ualified immunity protects all but the plainly incompetent or those who knowingly violate the law." *Mullenix v. Luna*, \_\_\_ U.S. \_\_\_, 136 S.Ct. 305, 308 (2015) (internal quotation marks and citation omitted). Drust was neither.

ACCORDINGLY:

Defendant Jeanne R. Drust's motion for summary judgment [DE 87] is GRANTED.

6

The Clerk shall enter judgment against plaintiff Craig C. Ladyman on the amended complaint filed December 16, 2016 [DE 25], reflecting that the claims against defendants Meade, Bohner, and Smith were dismissed with prejudice on April 28, 2017 [DE 36], that the claims against defendant Gupta, Wicks and Burton were stricken on June 20, 2017 [DE 42], that the John Doe and Jane Doe defendants were granted judgment on the pleadings on February 8, 2018 [DE 71], and that defendant Drust has this day been granted summary judgment.

**SO ORDERED**.

ENTERED: August 20, 2018.

                                                   /s/ Philip P. Simon
                                                 United States District Court Judge